### In the matter of Pettit, a lunatic.

The chancellor has no authority to order the sale of the real estate of a luntic ; unless it be necessary for the payment of his debts, or the maintenance of the lunatic, or his family, or for the education of his children.
And in neither of these cases can it be done, if there is a personal estate sufficient for that purpose.

October 4th.          This was an application on the part of the committee of the person and estate of a lunatic for permission to sell her real estate. The petitioner stated in his petition that the personal estate of the lunatic amounted to less than $1400, and that it produced an income of about $80 ; that the real estate consisted of about 600 acres of land in the state of Ohio, and of the equal undivided eighth part of a house and lot at Sandy Hill, and of five other lots or pieces of land in this state ; that the value of the lunatics' share of that portion of the real estate which is within the jurisdiction of the court, was worth about $470, and produced an income of only $21,75 ; that the income of her real and personal estate was not sufficient for her support ; and that if her interest in the real estate was not sold, the owner of the seven eights of the part thereof situate in this state would apply for a partition. The

committee therefore prayed that he might be authorized to sell her interest in the real estate, and invest the proceeds thereof for her use.

*D. W. Bate,* for the petitioner.

THE CHANCELLOR. There can be very little doubt that the interest of the lunatic would be advanced by a sale of her interest in all her real estate, except that which lies in the state of Ohio. The only question therefore is, whether this court has power to authorize such sale. Independent of the statutory provisions, this court has no authority to order a sale of freehold estate of a lunatic, even for the payment of debts ; although the creditors, by filing a bill, might compel a sale. Thus, in the case of John Smith, a lunatic, it appeared that he was entitled to freehold estates, under the will of his father, subject to the payment of mortgages and bond debts charged thereon. A bill being threatened by the creditors to compel a sale, a petition was presented, praying that a specific portion of the estate might be sold for the payment of the debts. And although the heir at law and the next of kin of the lunatic consented to the prayer of the petition, Lord Thurlow decided that he had not jurisdiction in lunacy to authorize the sale. (Ex parte Smith, 5 Ves. 556.) The statute gives to this court authority to order a sale only in certain specified cases. And, however desirable it may be, under peculiar circumstances, to sell the property of a lunatic in cases not coming within the statute, it belongs to the legislature alone to afford the proper remedy.

The eleventh section of the title of the revised statutes, which provides for the custody and disposition of the estate of idiots, lunatics, persons of unsound mind, and drunkards, (2 R. S. 53,) authorizes an application for the sale of the real estate, where it is necessary for the payment of debts. The sixteenth section authorizes a similar application, where the sale is necessary for the maintenance of the lunatic or his family, or for the education of his children. But in neither of these cases can the court direct a sale of the real estate for the payment of debts, or for the purposes of maintenance, so long as there is personal estate sufficient for that purpose.

1831.

In the matter
of Pettit.

To obtain a sale for the purpose of maintenance, the committee must show that the principle and interest of the personal property, and the rents and profits of the realty, are not sufficient to support the lunatic.

In the case under consideration, the mere income of the property is nearly sufficient for the support of this young woman, without breaking in upon the principal of the personal estate. And, at the present rate of expenditure, she may be supported more than twenty years, before the personal estate will be exhausted. This is nearly the average extent of the lives of healthy perons of her age ; and, as her constitution is stated to be but indifferent, the probability is, if her lunacy continues, that there will never be any necessity for selling the real estate for her support. But, if there was only sufficient personal estate to support the lunatic for a single year, the court has no authority to order the real estate to be sold until such personal estate is exhausted. I do not intend to lay down the rule that no application can be made, until the committee has actually exhausted all of the personal property. But it must be so far diminished that the court can see that it will probably be expended before the proceedings to sell the real estate can be consummated, so as to make the proceeds thereof available for the purposes of maintenance.

It might sometimes be beneficial to the estates of persons in this situation, if the court had a general power to authorize a sale in all cases, in the discretion of the court, as in the case of infants. But when we take into consideration the danger to which the property is exposed in the hands of committees, who are only required to give personal security, it is perhaps a circumstance not to be regretted, that the legislature have only conferred upon this court the power to authorize a sale in the two specified cases. I see no difficulty in making partition of the lands in this case, either by agreement of the parties, under the sanction of the court, according to the eighty-ninth and ninetieth sections of the partition law, (2 R. S. 331,) or by a proceeding under the general provisions of the statute for that purpose. The fact, that some particular portions of the property cannot be divided,

does not render a sale thereof necessary. That part may be assigned to the owner of the seven eighths thereof, and the share of the lunatic may be assigned from the other portions of the estate.

As the court has no authority to authorize the sale asked for in this case, the petition must be dismissed.